*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
November 5, 2020

Plaintiff-Appellee,

v

No. 349432
Iosco Circuit Court
LC No. 18-001298-FC

BRIAN SCOTT THAYER,

Defendant-Appellant.

Before: SAWYER, P.J., and M. J. KELLY and SWARTZLE, JJ.

PER CURIAM.

Defendant, Brian Thayer, was convicted by a jury of two counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b; producing child sexually abusive activity, MCL 750.145c(2); and furnishing an alcoholic cereal beverage to a minor, MCL 750.28. For the reasons stated in this opinion, we affirm.

## I. BASIC FACTS

On April 6, 2018, the complainant was shown a video recorded two days earlier that depicted Thayer engaging in various sexual acts with her. The complainant appeared to be coming in and out of consciousness in the video. She testified that she did not give Thayer permission to engage in any sexual act with her, nor did she have any memory of such contact. She explained that she had gone to a friend's home on April 4, 2018. While there she smoked marijuana and drank liquor with Thayer and three other people. After a few hours of drinking and smoking, she went with Thayer to purchase more alcohol. She remembered drinking more liquor once they returned, but did not remember anything after that until she woke up in a van on the way home. She was 17 years old at the time.

## II. RIGHT TO PRESENT A DEFENSE

Thayer argues that he was denied his due-process right to present a complete defense when the trial court failed to give a jury instruction regarding the affirmative defense of consent to sexual penetration. Yet, Thayer's lawyer did not request a jury instruction on consent as a defense to sexual penetration under MCL 750.520b(1)(c). Instead, while the proposed jury instructions were

-1-

being discussed, he stated, "I agree that there's a case that says that if—with respect to the sexually abusive material that consent is not a defense." Then, after the jury instructions were read—without an instruction on consent as a defense to the charge under MCL 750.520b(1)(c)—Thayer's lawyer indicated he had no objection to the instructions as read. By expressly approving the jury instructions on the record, Thayer waived any objection to the jury instructions, so there is no error to review. See *People v Kowalski*, 489 Mich 488, 503; 803 NW2d 200 (2011) ("[B]y expressly and repeatedly approving the jury instructions on the record, defendant waived any objection to the erroneous instructions, and there is no error to review.").[1]

Affirmed.

/s/ David H. Sawyer
/s/ Michael J. Kelly
/s/ Brock A. Swartzle

---

[1] Moreover, even if Thayer had requested that the jury be instructed on consent as a defense to the CSC-I charges under MCL 750.520b(1)(c) and objected if the trial court declined to give the instruction, there is no reversible error in this case. This Court has previously held that because consent is not a defense to a charge of producing child sexually abusive material, a defendant cannot argue consent as a defense to a CSC-I charge under MCL 750.520b(1)(c). *People v Wilkens*, 267 Mich App 728; 705 NW2d 728 (2005). Thus, Thayer, who was charged with CSC-I under MCL 750.520b(1)(c), with the underlying felony being the production of child sexually abusive material, cannot argue consent as a defense to the charge under MCL 750.520b(1)(c). See also *People v Waltonen*, 272 Mich App 678, 689-690; 728 NW2d 881 (2006) (holding that because consent is not a defense to the underlying felony of delivery of a controlled substance, the defendant's lawyer could not argue consent as a defense to defendant's charges under MCL 750.520b(1)(c)). Although Thayer argues on appeal that *Wilkens* was wrongly decided, we are not persuaded that the *Wilkens* Court erred in its interpretation of MCL 750.520b(1)(c)'s plain language. Accordingly, even if the issue were properly before this Court, reversal would not be warranted.